IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. LAWRENCE RUDOLPH and
2. LORI MILLIRON,

    Defendants.

---

## BRIEF ON LIMITING INSTRUCTION

---

The court has asked the parties to file a proposed limiting instruction to address the admission of statements by one defendant against another. The parties were unable to reach an agreement on the matter. The government proposes the following instruction when one defendant's statement is not properly admissible against the other:

> You may consider the statement of defendant [INSERT DEFENDANT NAME HERE] only in the case against [him] [her], and not against the other defendant. You may not consider defendant [INSERT DEFENDANT NAME HERE]'s statement in any way when you are deciding if the government proved, beyond a reasonable doubt, its case against [INSERT CO-DEFENDANT NAME HERE].

See *United States v. Chatman*, 994 F.2d 1510, 1513 (10th Cir. 1993) (court instructed the jury to consider the statement "only as it relates to Defendant Ronnie Miller" and not "in any manner against any other Defendant in this case").

A limiting instruction is only inadequate to address the use of one defendant's statement against another when that statement is (1) testimonial and (2) a confession that expressly implicates the other defendant. See *United States v. Zar*, 790 F.3d 1036, 1052 (10th Cir. 2015)

(citing *Bruton v. United States*, 391 U.S. 123 (1968)); *United States v. Clark*, 717 F.3d 790, 814-16 (10th Cir. 2013) (recognizing *Bruton* is limited to testimonial statements). No such statement exists here. The only confession—Rudolph's statement at Steak 44 that he killed his wife for Milliron—is not testimonial. Rudolph was certainly not trying to create a formal statement that could be used in a prosecution. See *Clark*, 717 F.3d at 816.

Moreover, Rudolph's confession is properly admissible against Milliron without any limiting instruction at all. It is not hearsay for her. Her silence in response to the statement made it an adoptive admission. *United States v. Ward*, 377 F.3d 671, 675 (7th Cir. 2004) ("a statement may be adopted as long as the statement was made in the defendant's presence, the defendant understood the statement, and the defendant has the opportunity to deny the statement but did not do so"); *Green v. Haskell Cnty. Bd. Of Comm'rs*, 568 F.3d 784, 804 (10th Cir. 2009) ("[a] party can adopt another's statement by responding to it with silence"). And it is also properly offered for its effect on her—rather than its truth—as proof that Rudolph was not proclaiming his innocence as she claimed to the grand jury. See ECF 53 at 7 (Count 9).

Where a defendant's statement is admissible against his or her co-defendant as non-testimonial, non-hearsay—like Rudolph's confession—the limiting instruction should not be given at all. But the government's limiting instruction should be given when a defendant's statement is not admissible against the co-defendant, either because it is testimonial or because it is hearsay that is not subject to a hearsay exception.

Because the admissibility of each defendant's statement against the other defendant will be context-dependent, the defendants will need to object to each statement that they contend is not properly admitted against them. A standing request for an instruction or a standing objection to one another's statements coming in will not be sufficient to preserve the record.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By: /s Bryan Fields
Bryan Fields
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bryan.Fields3@usdoj.gov
Attorney for the Government

By: /s E. Garreth Winstead
E. Garreth Winstead
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Garreth.Winstead@usdoj.gov
Attorney for the Government

By: /s J. Bishop Grewell
J. Bishop Grewell
Assistant United States Attorney
U.S. Attorney's Office
1801 California St. Suite 1600
Denver, CO 80202
(303) 454-0100
Bishop.Grewell@usdoj.gov
Attorney for the Government

## CERTIFICATE OF SERVICE

      I hereby certify that on the 6th day of July, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all counsel of record.

                                            *s/ J. Bishop Grewell*
                                            United States Attorney's Office