IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge William J. Martinez

Criminal Case No. 22-CR-0012-WJM

UNITED STATES OF AMERICA,

v.

1. **LAWRENCE RUDOLPH**,
2. LORI MILLIRON,
_____/

### LAWRENCE RUDOLPH'S MOTION TO RECONSIDER SEVERANCE OR IN THE ALTERNATIVE FOR PROPOSED CURATIVE INSTRUCTION

In response to Dr. Rudolph's motion for severance, the government stated that the defendants should be joined because the jury will be asked "to consider whether Lawrence Rudolph murdered his wife to be with his mistress." Doc. 100:5. The government also stated, and the Court accepted as true, that the evidence on this point would be "overlapping." Doc. 100:5. The government argued in no uncertain terms that the evidence at separate trials would be no different than at a joint trial. Doc. 100:5-6.

Now, only at the pretrial conference, after the Court has denied the motion to sever, does the government admit that there is evidence – namely alleged statements by Lori Milliron – that is not admissible against Dr. Rudolph and which would be unduly prejudicial because it would influence the jury on the critical question at issue in the case. We respectfully submit that had the Court known what it knows now, it would have made a difference on our motion to sever.

Dr. Rudolph cannot receive a fair trial in which the government will be seeking to introduce statements that bear on the central issue in the case but are inadmissible against

him. The prejudice is heightened because Dr. Rudolph cannot call Lori Milliron at a joint trial, and she is the only witness who could rebut those statements. The government proposes a curative instruction be given every time this issue arises. But it is our position that such an instruction will not work in this case and we respectfully renew our motion for severance.

Here's one example of how Dr. Rudolph will be prejudiced and a jury instruction will not be sufficient to cure: Anna Grimley claims that Lori Milliron told her that Milliron told Dr. Rudolph that she would end their affair if he did not divorce his wife. This testimony is hearsay as it relates to Dr. Rudolph, but is admissible against Ms. Milliron (as an admission). At a joint trial, the jury will not only hear this statement, but Dr. Rudolph will not be able to call Milliron, who would testify that Grimley is wrong. *See* Doc. 97:Addendum.  This puts Dr. Rudolph at a severe disadvantage – the jury will hear inadmissible hearsay that there was an ultimatum and Dr. Rudolph will not be permitted to call the only witness who could say that the government's witness has it wrong.  The government suggests that each time this happens, a simple curative instruction will fix the prejudice. But a jury will not be able to separate out those statements given that they go directly to the government's central theory in the case, that Dr. Rudolph committed murder to be with Lori Milliron.

If the Court still will not sever the case, it should provide the jury with a specific and clear instruction that specifically identifies the statements that are admissible only against Milliron and tells the jurors that they cannot consider that hearsay against Dr. Rudolph. The government's proposed instruction is designed to confuse rather than instruct. It is deliberately vague and abstract, which will serve only leave the jurors guessing as to what

the Court might be talking about. Dr. Rudolph objects to that instruction as utterly ineffectual. We propose the following when the Grimley testimony comes in:

> Witness Anna Grimley testified that Lori Milliron made certain statements to Ms. Grimley in 2015. When evaluating the case against Ms. Milliron, it is for you to decide whether she made any statement and, if so, what weight to give whatever statement she made. However, any statements Ms. Milliron may have made to Ms. Grimley are to be considered only with regard to the charges against Ms. Milliron.
> With regard to the charges against Lawrence Rudolph, you cannot consider these alleged statements at all. In other words, as far as the charges against Dr. Rudolph are concerned, you cannot consider any statements Milliron may have made to Ms. Grimley.

If, at trial, the government introduces other hearsay statements admissible only against Milliron, the instruction should be modified. This instruction correctly states the law and is more helpful to the jury than unintelligible abstractions that will prove impossible for jurors to apply. To be clear, however, it is our position that under the circumstances, even this instruction is wholly inadequate and only a severance will suffice to afford Dr. Rudolph a fair trial.

## Certificate of Service

This motion was filed and served on all parties on 5 July 2022 using CM/ECF.

Respectfully submitted,

MARKUS/MOSS PLLC
40 N.W. Third Street, PH1
Miami, Florida 33128
Tel: (305) 379-6667

By:   /s/ David Oscar Markus
David Oscar Markus

/s/ A. Margot Moss
A. Margot Moss

3