IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012-WJM-1

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     LAWRENCE RUDOLPH, and
2.     LORI MILLIRON,

        Defendants.
_____

**UNITED STATES'S SUPPLEMENTAL BRIEF REGARDING
MANDATORY RESTITUTION AND FORFEITURE**
_____

COMES NOW the United States of America, by and through United States Attorney Cole Finegan and Assistant United States Attorney Kurt J. Bohn, and hereby submits this Supplemental Brief Regarding Mandatory Restitution and Forfeiture in this matter.

## INTRODUCTION

The process for the Court to determine restitution and forfeiture of the assets in question is set forth in statute and case law. In this case, as established in the United States Motion for Mandatory Restitution and Forfeiture (Docket # 296), restitution and forfeiture are both mandatory. It was in this "First Motion" that the United States provided the Court with notice of the restitution provisions and sufficient evidence to determine what assets were *subject to forfeiture* to allow it to enter a preliminary order of forfeiture. (Docket # 296). Then, the United States submitted the actual Motion for

Preliminary Order of Forfeiture (Docket # 309).  In this "Second Motion" the United

States was seeking a formal order from this Court allowing the United States to seize

the property and commence further proceedings.  Now, in this Supplement, the United

States will address the process for the Court to enter orders for restitution and forfeiture.

## PROCESS FOR DETERMINING RESTITUTION AND FORFEITURE

**A.    RESTITUTION**

Restitution is a court-ordered payment made by the perpetrator of a crime to the

victims of that crime.  As established at trial and determined by this Court (Docket #

344), the victims of Count 2 – mail fraud - are the insurance companies.  The seven

victim insurance companies and the amount of loss suffered from paying out the nine

policies is without dispute.  (Docket # 296-1, pp. 1 -3).[1]

### 1.    What the Court Needs to Know Regarding Restitution

There is nothing the Court needs to do prior to sentencing as it relates to

restitution.  The Court shall enter an Order of restitution at the time of

sentencing.  The victims and amounts of loss are reflected in Docket 296-1, Exhibit 1.

The United States believes there is no dispute as to the identity of the seven

insurance company victims or the amount of loss suffered by each victim.  However,

pursuant to Fed. R. Crim. P. 32(f)(1), the defendant can object to any part of

sentencing, including restitution, within 14 days after receiving the presentence report.

The defendant has already filed his objections to the Presentence Report.  (Docket #

---

[1] It is the understanding of the United States that there is no restitution as to the conviction in Count 1.

295). Based on those objections, it appears that defendant Rudolph is objecting to any restitution to the insurance companies in the full amount of the amount paid out to the Defendant. In light of the Court's Order concerning who is the victim for Count 2 (Docket # 344), the Court could further order the Defendant to state any additional objections, and the basis thereto, to either the victims or amounts owed prior to sentencing to advise the Court and the United States of any dispute that would need to be resolved at sentencing.

2.      Procedure for Issuance and Enforcement of Order of Restitution

(a)      Initiation of the Process - Probation and the Presentence Report

Title 18, United States Code, Section 3664(a)-(d) sets forth the procedure for identifying the victims and determining their losses. Specifically, the Probation Office is charged with notifying victims, conducting an investigation, and submitting a report that includes a complete accounting of the losses to each victim and contains sufficient information for the court to enter restitution. 18 U.S.C. § 3664(a)-(d), Fed. R. Crim. P. 32(c)(1)(B). The Court initiated this process on August 4, 2022, when it ordered the probation office to conduct a preliminary presentence investigation report. (Docket # 250).

(b)      Timing of the Order of Restitution

Restitution is part of the criminal sentence and shall be ordered at the time of sentencing. 18 U.S.C. § 3556, *see United States v. Anthony*, 25 F.4th 792, 799 (10th Cir. 2022). The United States does not believe there is any issue regarding the victims' losses in this matter. However, if the victims' losses were not ascertainable 10 days

3

prior to sentencing, the Court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing.  18 U.S.C. § 3664(d)(5).  Absent such an inability to determine the loss suffered, the Court must order restitution at sentencing.  *See* 18 U.S.C. §§ 3556, 3664(d)(5).

      **(c)**    **Burden of Proof**

      "Any dispute as to the proper amount of restitution or type of restitution shall be resolved by the court by a preponderance of the evidence."  18 U.S.C. § 3664(e).  The United States bears the burden of demonstrating the amount of the loss sustained by a victim as a result of the defendant's offense.  *Id*.  The exhibits, testimony at trial, and the jury's verdict established the loss suffered by the victims beyond a preponderance of the evidence.

      **(d)**    **Contents of Restitution Order**

      "The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."  § 3664(f)(1)(A).  Thus, at the time of sentencing, the Court should determine the amount each victim is owed.  The Court then orders restitution in that amount and includes it in the judgment.

      In addition, once the amount is determined, the Court shall consider the factors in § 3572, and specify in the restitution order *the manner* in which and the schedule according to which, the restitution is to be paid.  § 3664(f)(2).  The restitution order may direct payment in a single, lump-sum payment, partial payments, in-kind payments, or a combination of payment types.  18 U.S.C. § 3664(f)(3)(A).  The Court may not delegate

this duty to probation or the United States. *United States v. Overholt*, 307 F.3d 1231 (10th Cir. 2002) (vacating judgment that delegated the determination of schedule of payments to the Bureau of Prisons); 18 U.S.C. § 3664(m)(1)(A)(i).

The Defendant should be ordered to pay the restitution due and owing "immediately," payable by the Defendant in a lump-sum payment or partial payments.

### (e) Enforcement and Collection of Restitution Order

Upon sentencing and entry of a judgment that orders restitution, the defendant becomes subject to a restitution debt. 18 U.S.C. § 3613(c). The United States is then charged with the collection of the restitution debt on behalf of victims. 18 U.S.C. § 3612(c); 18 U.S.C. § 3664(m)(1)(A). The defendant may voluntarily pay restitution at any time. *See* 18 U.S.C. § 3572(d). If the defendant does not make timely, and voluntary payment, the government may collect on any assets owned by the defendant for the duration of the debt. 18 U.S.C. § 3664(m)(1)(A); 18 U.S.C. § 3613. A defendant's failure to timely pay his restitution obligation may result in the accrual of interest, penalties, and a surcharge to offset the costs of enforcement. 18 U.S.C. § 3612(f), (g); 28 U.S.C. § 3011.

Restitution is not solely collectable from the specific asset lost by the victim; rather, because money is fungible, the government may collect on any assets belonging to the defendant to satisfy his debt. 18 U.S.C. § 3613(a), (f); *see e.g., Rajala v. Gardner*, 709 F.3d 1031, 1036 (10th Cir. 2013) (noting that because money is fungible, $9 million could be returned to plaintiff, the trustee of a bankruptcy estate, even where various defendants may have dissipated all or part of funds received from a prior

transfer).  In fact, where defendant's interest in an asset has been extinguished by criminal forfeiture, the United States' restitution lien does not attach to that asset because that lien attaches only to the defendant's property or rights to property.  *See* 18 U.S.C. § 3613(a); 21 U.S.C. § 853(c); *see United States v. Gonzalez–Torres*, 656 F. App'x 844, 845 (9th Cir. 2016) (unpublished) ("Under the relation back doctrine, the United States' interest in the forfeited monies vested when the defendant committed the crime. 21 U.S.C. § 853(c). Gonzalez's obligation to pay restitution to the Oregon Department of Human Services cannot lawfully be satisfied from forfeited monies that belonged to the United States from the moment the funds were generated from drug distribution.)."

## B.    FORFEITURE

The purpose of forfeiture statutes is to take away gains made by a defendant that were obtained by the unlawful activity.  *United States v. McGinty*, 610 F.3d 1242, 1246 (10th Cir. 2010) (*citing United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006)).  As established at trial and in the United States's Motion for Mandatory Restitution and Forfeiture (Docket # 296 and 296-1) the Defendant did gain from his unlawful activity. The forfeiture of these assets, and any appreciation, as identified in the United States Motion for Preliminary Order of Forfeiture (Docket # 309) is mandatory.

### 1.    What the Court Needs to Know Regarding Forfeiture

The Court needs to enter a Preliminary Order of Forfeiture with sufficient time to allow the Defendant to file any objections to it.  This Order can be specific, as set out in

the United States Motion for Preliminary Order of Forfeiture (Docket # 309) or it can be a general order of forfeiture which could be amended after the hearing.

Further, the Court needs to set a time for a hearing regarding the contested forfeiture issues.  This hearing can be held prior to or at the same time as the sentencing hearing.

The Defendant has already briefed his objections challenging forfeiture.  (Docket # 316, pp. 8 – 17).  Therefore, other than the contested hearing, there is no need for another opportunity to brief new or additional theories outside of the prior response.

To assist the parties and the Court in narrowing the contested issues, the United States asks the Court to order the Defendant to identify each specific objection to the tracing of the proceeds as to each specific asset.  The testimony at trial and the tracing provided in the United States Motion for Mandatory Restitution and Forfeiture (Docket # 291) establishes the tracing of the proceeds to each asset seized.  If the Defendant intends to dispute the actual tracing of the funds, rather than relying on legal arguments alone, having the disputed tracing as it relates to each asset would allow the parties and the Court to focus on the disputed issues.  One example is that the United States set forth in detail the tracing for the $3,000,000.00 of proceeds that went into Bank of New York Mellon 1000 on August 8, 2017.  (*see* Docket # 296-1).  The United States has previously provided the underlying bank account information to the Defendant in discovery.  Therefore, the Defendant's specific objections as to each seized asset would be better framed for the Court's determination of forfeiture.

2.      Procedure for Criminal Forfeiture - Fed. R. Crim. P. 32.2

Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853[2] govern this criminal forfeiture proceedings.  Rule 32.2 specifically sets forth the criminal forfeiture procedures and the respective responsibilities of the United States, the defendant, the Court, and third parties at each step in the forfeiture process.

As set forth below, there are four steps to the criminal forfeiture process: (1) the notice provision in the indictment; (2) entry of a preliminary order of forfeiture; (3) the ancillary proceeding addressing third party interests; and (4) entry of a final order of forfeiture.  *See United States v. Liquidators of Eur. Fed. Credit Bank*, 630 F.3d 1139, 1144-46 (9th Cir. 2011) (explaining criminal forfeiture proceedings).

Each of these steps set forth in Fed. R. Crim. P. 32.2 is addressed in turn.

**(a)      Rule 32.2(a) - Notice to the Defendant**

First, the United States must include a forfeiture allegation in the Indictment or Information.  Fed. R. Crim. P. 32.2(a).  The Court cannot enter forfeiture in a criminal case unless the indictment or information contains a forfeiture allegation. However, the forfeiture allegation is not a substantive count, but merely a notice provision.

The United States provided notice of its intent to seek forfeiture on three specific

---

[2] As noted in the Preliminary Order of Forfeiture, the United States is seeking forfeiture in this case pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). 28 U.S.C. § 2461(c) provides for the criminal forfeiture of any property for which civil forfeiture may be pursued and specifically incorporates the procedures of 21 U.S.C. § 853 to all stages of criminal forfeiture.

occasions - Indictment (Docket # 26), Superceding Indictment (Docket # 53), and United States' First Bill of Particulars for Forfeiture of Property (Docket # 108).

**(b)      Rule 32.2(b) - Entering a Preliminary Order of Forfeiture**

The second step in the criminal forfeiture process is the entry of a preliminary order of forfeiture, which addresses the *Defendant's interest* in the property. Procedurally, subsection (b) of Rule 32.2 sets forth the mechanics for the Court to enter a preliminary order after a finding of guilt.

### (i)      Procedures and Objections

Once the defendant is convicted of a crime in which forfeiture is statutorily authorized, the Court determines what property is subject to forfeiture and must enter a preliminary order of forfeiture prior to sentencing.  Fed. R. Crim. P. 32.2(b)(1)-(2).  The Court's sole determination at the preliminary order stage is whether the United States has established the nexus between the property and the offense by a preponderance of the evidence. Fed. R. Crim. P. 32.2(b)(1)(A); *United States v. Bader*, 678 F.3d 858, 893–894 (10th Cir. 2012) (because forfeiture is part of sentencing "a forfeiture judgment must be supported by a preponderance of the evidence").  "The court's determination may be based on evidence already in the record, including . . . any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."  32.2(b)(1)(B).

### (ii)      The Defendant has the Opportunity to Object to the Nexus

At the preliminary order stage, the defendant has the right to object to or challenge the nexus between property and the offense. *See United States v. Warshak*,

631 F.3d 266, 330-31 (6th Cir. 2010).  However, the defendant cannot object to

forfeiture on behalf of third parties.  Fed. R. Crim. P. 32.2(c)(2); *United States v. Wittig*,

No. 03-40142-01-02, 2006 WL 13158, at *3 (D. Kan. Jan. 3, 2006) ("a defendant does

not have standing to object to forfeiture on the grounds that a third party owns the

property").  Nor can the defendant attempt to relitigate his guilt.  *Warshak*, 631 F.3d at

331 (excluding evidence regarding guilty during forfeiture phase was proper because

"the defendants' attempts to show that certain sales were not the result of illegal

conduct was tantamount to reopening this issue of guilt.").  Thus, the defendant's ability

to challenge forfeiture is limited in scope.

### (iii)     Right to a Hearing on the Preliminary Order of Forfeiture

The Defendant can contest the United States's request for a preliminary order of

forfeiture.  Specifically, Fed. R. Crim. P. 32.2(b)(1)(B), states that "[i]f the forfeiture is

contested, on either party's request the court must conduct a hearing after the verdict. .

. .[3]  Defendant has requested a hearing to contest the preliminary order of forfeiture.

(Docket # 316).

The timing of the contested hearing must be completed sometime between

verdict and sentencing because the forfeiture *must be orally* pronounced at sentencing.

*See* Fed. R. Crim. P. 32.2(b)(4)(B) ("The court must include the forfeiture when orally

announcing the sentence or must otherwise ensure that the defendant knows of the

forfeiture at sentencing."). The Court could set the hearing in advance of the June 21,

---

[3] As noted in the Notice of Forfeiture Hearing (Docket # 228), the parties did not request
a jury determination of forfeiture.  Therefore, the Court is authorized to determine the
nexus between the property and the offense. Fed. R. Crim. P. 32.2(b)(5).

11 of 16

2023, sentencing hearing or, if the Court would prefer, it could hold the contested
forfeiture hearing at the sentencing.

### (iv)    Timing of a Preliminary Order of Forfeiture

Fed. R. Crim. P. Rule 32.2 does provide when the preliminary order must be
entered.  Specifically, it states that "[u]nless doing so is impractical, the court must enter
the preliminary order sufficiently in advance of sentencing to allow the parties to suggest
revisions or modifications before the order becomes final as to the defendant under
Rule 32.2(b)(4)."  Fed. R. Crim. P. 32.2 (b)(2)(B).  Based on the plain reading of Rule
32.2(b)(4), unless the Court finds it impractical it should enter a preliminary order and
reserve revisions and modifications until after the contested hearing.  As the assets in
this matter are clearly identified, the Court should not find it impractical and could enter
its order.

Whether the Court holds the hearing at sentencing or before it should, however,
enter a preliminary order in one of two ways, either: (1) enter the United States's
proposed Preliminary Order as submitted and make any revisions and modifications
after hearing from the parties at sentencing; or (2) enter a general preliminary order of
forfeiture under Fed. R. Crim. P. 32.2(b)(2)(C) and amend the order after making its
nexus finding requirement, pursuant to Rule 32.2(e).  If entered in advance of
sentencing, either order would satisfy the timing requirement.

### (vi)    The Contents of a Specific Order

After the contested forfeiture hearing, the Court should determine which specific
assets are forfeitable based on all evidence and information before it.  Once the court

finds certain property is subject to forfeiture, it must promptly enter a preliminary order

of forfeiture . . . "directing the forfeiture of specific property."  Fed. R. Crim. P.

32.2(b)(2)(A).  The preliminary order must be entered irrelevant of any potential third-

party interests.  "Determining whether a third party has such an interest must be

deferred until a third party files a claim in an ancillary proceeding under Rule 32.2(c)."

Fed. R. Crim. P. 32.2(b)(2)(A); *United States v. Andrews*, 530 F.3d 1232, 1236 (10th

Cir. 2008) (When issuing a preliminary order "the court does not—and, indeed, may

not—determine the rights of any third parties who assert an interest in the property.").

### (vii)    General Preliminary Order of Forfeiture

Alternative to a specific preliminary order of forfeiture, a court may enter a

general preliminary order of forfeiture "if, before sentencing, the court cannot identify all

the specific property to forfeit."  Fed. R. Crim. P. 32.2(b)(2)(C).  A general order should

(1) identify any property for which the Court can make a nexus determination; (2)

describe other property in general terms, such as "all property traceable to the proceeds

of Count 2;" and (3) "state[ ] that the order will be amended under Rule 32.2(e) when

additional specific property has been identified."  Fed. R. Crim. P. 32.2(b)(2)(C).

Either alternative—entering a general preliminary order or specific preliminary

order—prior to sentencing would satisfy the requirement that the preliminary order be

issued in advance of sentencing.

### (viii)   Sentencing and Judgment

The conclusion of the preliminary order of forfeiture stage occurs at sentencing

and judgment.  Pursuant to Rule 32.2(b)(4), the Court's preliminary order of forfeiture

becomes final *as to the defendant* at the time of sentencing and entry of judgment. *United States v. Arnold*, 878 F.3d 940, 943-944 (10th Cir. 2017).  Therefore, once the Defendant is sentenced, the Defendant's interest in the specific property identified in the preliminary order is extinguished.

     **(c)    Rule 32.2(c)(1) - Ancillary Proceeding; Entering a Final Order of Forfeiture**

     The third stage of the criminal forfeiture process is set forth in subsection (c) of Rule 32.2.  This provision sets forth the procedure for the Court to address any third-party interests in the property identified in the Preliminary Order of Forfeiture.

     If the preliminary order lists specific property, the United States must send notice of the Preliminary Order to all potential third parties explaining their right to file a petition for an ancillary proceeding.  *See* Fed. R. Crim. P. 32.2(b)(6)(A) (the government must "send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.").  However, "[t]he ancillary proceeding is not a part of sentencing."  Fed. R. Crim. P. 32.2(c)(4).  All of the third-party proceedings occur after the defendant's sentencing and the defendant may not contest the forfeiture in the ancillary proceeding.  Fed. R. Crim. P. 32.2(c)(2).

     If a Petition for an Ancillary Hearing is filed, the Court must conduct an ancillary proceeding.  Fed. R. Crim. P. 32.2(c)(1).  As part of the ancillary proceeding, the Court may permit the parties to engage in discovery in accordance with the Federal Rules of Civil Procedure.  Fed. R. Crim. P. 32.2(c)(1)(B).  At the end of the discovery, the Court may also entertain a motion for summary judgment to resolve the third-party petition. *Id*.  If the petition is not resolved through a motion for summary judgment or a motion to

dismiss, pursuant to Rule 32.2(c)(1)(A), the Court must conduct a hearing to determine the petitioner's third-party interest, if any, pursuant to 21 U.S.C. § 853(n).  At the hearing, the parties may present testimony and evidence for the court to consider in addition to any relevant portions of the record of the criminal case.  21 U.S.C. § 853(n)(5).  In order to prevail on a petition, a petitioner must establish "by a preponderance of the evidence that—

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section."[4]

21 U.S.C. § 853(n)(6).

**(d)    Rule 32.2(c)(2) - Final Order of Forfeiture**

The last stage of a criminal forfeiture proceeding occurs when the Court enters a final order of forfeiture.  Once any ancillary proceeding is concluded, the Court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any valid third-party petitions established under 21 U.S.C. § 853(n)(6).  Fed.

---

[4]  Under 21 U.S.C.§ 853(n)(6), it is unlikely a third party would prevail on any portion of the contested assets which are directly traceable to the proceeds of Defendant's criminal offenses.  *United States v. Hooper*, 229 F.3d 818, 822–23 (9th Cir. 2000) (any interest in proceeds obtained through criminal conduct is necessarily acquired after the offense; hence, under CAFRA, only bona fide purchasers can assert an interest in such property).  Therefore, it is not possible for anyone to claim an interest in the assets acquired or appreciation after commission of the criminal conduct.

Crim. R. 32.2(c)(2).  If no third-party files a timely petition, the preliminary order become the final order of forfeiture. *Id*.  This means, that the Court enters a final order of forfeiture forfeiting the property in accordance with the previously entered preliminary order of forfeiture.

Once the final order enters, the specific property the Court has deemed forfeited is titled in the name of the United States, and the United States may dispose of that property in accordance with law.

## **CONCLUSION**

The United States asks the Court to Order the Defendant to pay restitution to the victims of Count 2 and forfeit the proceeds from his unlawful activity.

DATED this 26th day of April, 2023.

Respectfully submitted,

COLE FINEGAN
United States Attorney


*s/***Kurt J. Bohn**
Kurt J. Bohn
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-454-0100
Fax: 303-454-0405
Email: kurt.bohn@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of April 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

s/*Kurt J. Bohn*
Kurt J. Bohn
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-454-0100
Fax: 303-454-0405
Email: kurt.bohn@usdoj.gov