FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

May 24, 2023

Christopher M. Wolpert
Clerk of Court

_____

In re: JULIAN RUDOLPH; ANABIANCA
RUDOLPH; THE ESTATE OF BIANCA
RUDOLPH,

          Petitioners.

No. 23-1162
(D.C. No. 1:22-CR-00012-WJM-1)
(D. Colo.)

_____

**ORDER**
_____

Before **MATHESON**, **PHILLIPS**, and **EBEL**, Circuit Judges.
_____

      Petitioners seek a writ of mandamus to compel the district court to permit them to participate as crime victims in Case No. 1:22-cr-00012-WJM, currently pending in the District of Colorado. Petitioners assert their rights to participation and to restitution from Dr. Lawrence Rudolph pursuant to the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, as victims of his mail fraud. The district court denied petitioners' motion for leave to file a response to the government's motion seeking mandatory restitution and forfeiture from Dr. Rudolph, leading them to file this petition. Upon consideration of their petition, the government's response, and the supplemental authority letter filed by petitioners, we deny the petition.

      The CVRA instructs us that in deciding the mandamus application it authorizes, we should "apply ordinary standards of appellate review." § 3771(d)(3). In reviewing an order of restitution, we ordinarily "review the legality of [the] order de novo, the district court's factual findings for clear error, and the amount of restitution for abuse of

discretion." *United States v. Anthony*, 22 F.4th 943, 950 (10th Cir. 2022) (internal quotation marks omitted).  Similar standards apply here.  The ultimate question of whether petitioners are "crime victims" under the CVRA is an issue of law that we review de novo.

The CVRA defines a "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense."  § 3771(e)(2)(A).  Because the definition of a "victim" in the MVRA is "virtually identical" to the CVRA's definition of a "crime victim," this court has looked to MVRA precedent when interpreting the CVRA. *See United States v. Maldonado-Passage*, 4 F.4th 1097, 1102-03 (10th Cir. 2021).  Under the MVRA, a person is a "victim" where the person was both directly harmed and proximately harmed; that is, "the defendant's conduct is the but-for cause of the individual's harm and . . . the defendant proximately caused the harm." *United States v. Speakman*, 594 F.3d 1165, 1171 (10th Cir. 2010) (internal quotation marks omitted).  In addition, a restitution order must be based on the victim's actual loss resulting from the offense of conviction.  *See Anthony*, 22 F.4th at 950.

Upon consideration, petitioners have failed to show an injury to themselves that satisfies the "direct and proximate harm" required to assert their rights as victims of

Dr. Rudolph's fraud.  We therefore deny their mandamus petition.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk