IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 22-cr-00012-WJM-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  **LAWRENCE RUDOLPH**,

    Defendants.

**UNITED STATES' REPLY TO MEMORANDUM OF LAW IN OPPOSITION TO UNITED STATES MOTION TO DISMISS PETITIONERS' VERIFIED PETITION FOR ADJUDICATION OF INTEREST IN PROPERTY ORDERED FORFEITED**

Petitioners' *Memorandum of Law in Opposition to the United States' Motion to Dismiss Petitioners' Verified Petition for Adjudication of Interests in Property Ordered Forfeited* (hereinafter "Response") (ECF No. # 422) does not establish Petitioners' standing as claimants with a third-party interest in the property forfeited in this case.

Petitioners' arguments do not save the deficiencies in their standing. In addition, as clearly stated in their argument, Petitioners are attempting to assert a superior interest in the forfeited assets derived from all insurance proceeds, despite two insurance companies who have not agreed Petitioners should receive their restitution or assignment of their rights at this time.

    **I.**    **The Petition Does Not Establish a Legal Interest in the Forfeitable Property**

Under 21 U.S.C. § 853(n)(3), a "petition . . . shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the

1

petitioner's claim, and the relief sought." To survive a motion to dismiss, the petition must allege facts sufficient to state a valid claim of relief. *See U.S. v. Dahda*, 2020 WL 7056099, *6-9 (D. Kan. Dec. 2, 2020) (dismissing Petition because Petitioner did not allege facts sufficient to establish a legal interest in the property, including a constructive trust). Because Petitioners are requesting a constructive trust, they must allege facts sufficient to establish a constructive trust.

The Petitioners' alleged facts do not establish a constructive trust in their favor. Petitioners repeated assertions of being the "rightful owners" of the life insurance proceeds are simply conclusory statements. The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007). Without sufficient factual allegations to establish a legal interest through a constructive trust, the Petition should be dismissed.

Further, the Petitioners have not filed a Petition for Ancillary Hearing for the forfeited assets based on the recent assignment of rights agreements. Their Petition is based on their assertion that all of the insurance funds are rightfully theirs. Petitioners have now attached five agreements from insurance companies named as the direct victims of defendant's mail fraud that are the basis of the criminal forfeiture.[1] But a close reading of the majority of those agreements reference the ability to seek restitution in the "Forfeiture Proceeding." The definition of "Forfeiture Proceedings" references only the related civil forfeiture case filed on December 21, 2021, not this criminal case. *See* ECF Nos. # 422-2, 422-3, 422-5. The only exception appears to be the agreement with Great-West Life & Annuity Insurance Company. *See* ECF No. 422-4.

---

[1] One of the filed documents is a letter from Genworth Life and Annuity Insurance Company which states, "Genworth has no intention to seek restitution of these funds and agree that they should be paid to the beneficiaries of the Rudolph Trust Dated 4/25/16, excluding Mr. Rudolph." This does not assign any rights. *See* ECF No. # 422-1.

The assignments/agreements with the insurance companies do not appear to give the Petitioners the right to seek equitable rights in lieu of the legal right to obtain restitution. It is clear from the agreements that five of the seven insurance companies believe that the Petitioners should receive their restitution payments.[2] But Petitioners cannot properly appear before the Court on behalf of all of the insurance companies and seek a constructive trusts based on the these companies' equitable rights.

## II.     Petitioners Interests Have Not Vested

Petitioners are asking the Court to ignore trust and estate law and the Arizona Slayer Statute requirements in order to establish a constructive trust to avoid their standing issues. Petitioners' response states that Petitioners are entitled to all of the forfeitable assets based on either: (1) the insurance contracts listing them as contingent beneficiaries; or (2) as beneficiaries of the Rudolph Trusts. *See* ECF No. 422, pp.10-11. But the trust provision upon which they rely does not establish that they are now the proper trust beneficiaries. *See* ECF No. 367-3 (Article 12.01 of The Rudolph Trust states, "**only** upon the death of both defendant and Mrs. Bianca Rudolph can the trustee divide the trust property and distribute to their descendants" (Petitioners)).

Petitioners have not provided the Court with any evidence indicating that Petitioners are the current beneficiaries of the trust assets. The only fact before the Court is that defendant is no longer the trustee. *See* ECF No. 367-2. Indeed, the most recent amendments to the Survivor's Trust on June 2, 2022, the Trustor (defendant), retains the right to revoke and to amend the trust

---

[2] The government is sending letters to the insurance companies to determine where any restitution payments should be made from the Clerk of Court. Specifically, whether to have the funds remitted directly to Petitioners or to the insurance company so that they can remit to the Petitioners for accounting purposes.

at any time. *See* ECF No.. 396-2 Article 10 (Revocation and Amendment). This would include changing beneficiaries or trustees. Defendant could also revoke any power of attorney.

Thus, without a Court order disqualifying defendant through the statutory Slayer Statutes in Arizona, the Petitioners do not have standing to assert a legal right or interest in assets belonging to the Rudolph Trust, or property acquired with funds from the Rudolph Trust.[3]

### III.     Petitioners Fail to Establish Standing based on a Constructive Trust

Petitioners agree that they do not meet the requirements for the Arizona Slayer statutory trust. Similarly, they do not meet the requirements for an equitable constructive trust based on the mail fraud on the insurance companies.

Without citation to any authority, Petitioners state in a footnote that Arizona, Pennsylvania, and Illinois law apply to their Petition. (ECF No. # 422, p.5, n.2). There is no explanation as to how all of these various jurisdictions' laws would apply to this issue or how that would affect this Court's determination of constructive trust rights.[4] Accordingly, such an argument should be waived. *Schlecht v. Lockheed Martin Corp.*, No. 11-CV-03072-RM-BNB, 2014 WL 6778709, at *2 (D. Colo. Nov. 25, 2014), *aff'd,* 626 F. App'x 775 (10th Cir. 2015) ("Undeveloped arguments raised in a perfunctory manner are waived.").

---

[3] All of the subject financial accounts are held in the name of the Rudolph Trust. The remaining assets are held in the names of other entities over which the Petitioners do not claim to have a beneficial interest in. Specifically, the real property located at 7000 N. 39th Place, Paradise Valley, Arizona is held in the name of the Lawrence P. Rudolph Survivor's Trust; the real property located at 103 Morningside Drive, Cranberry Township, Pennsylvania is held by Three Rivers Dental Management Systems LLC; the 2018 Aston Martin and 2017 Bentley Bentayga, are held in the name of Camelback Consulting Marketing LLC.

[4] The Petitioners state that they filed an action in Arizona as it relates to Mrs. Bianca Rudolph's share of the community property assets. ECF No. # 422, n. 1. Petitioners expressly state that they did not seek the insurance proceeds in that action. Nonetheless, Arizona appears to be the jurisdiction for purposes of the distribution and adjudication of the Estate of Mrs. Bianca Rudolph.

Nonetheless, as previously explained in the government's motion to dismiss, Arizona law would be the most appropriate state law for determining whether the Court should impose a constructive trust in this circumstance. *See DarkPulse, Inc. v. EMA Fin., LLC*, No. 22 CIV. 45 (LGS), 2023 WL 2307386, at *7 (S.D.N.Y. Mar. 1, 2023) (when a party seeks the imposition of a constructive trust, the Court could apply the laws of the state where the alleged unjust acts justifying a constructive trust occurred).

A constructive trust is "a legal fiction, 'an equitable remedy devised to prevent unjust enrichment and compel restitution of property that in equity and good conscience does not belong to the Defendant.'" *United States v. Andrews*, 530 F.3d 1232, 1237 (10th Cir. 2008) (citing omitted). A constructive trust is a wholly equitable remedy. *Turley v. Ethington*, 146 P.3d 1282, 1285 (Ariz. Ct. App. 2006). When a "district court determines that granting relief upon an equitable theory such as constructive trust would lead to an inequitable result, it may in its discretion decline to do so." *Andrews*, 530 F.3d at 1238–39.

    a. **Petitioners are Not the Victims of the Fraud**

In Arizona, "a constructive trust may be imposed when title to property has been obtained through actual fraud, misrepresentation, concealment, undue influence, duress, or similar means, or if there has been a breach of fiduciary duty." *Turley,* 146 P.3d at 1285 (citing *Harmon v. Harmon,* 613 P.2d 1298, 1300 (Ariz. Ct. App. 1980)). Although constructive trusts are "flexible remedies," constructive trusts are not without parameters, and have specific requirements that govern when they are imposed. *See e.g. In re Allied Gen. Agency*, 229 B.R. 190, 196 (D. Ariz. 1998) ("the claimant is required to demonstrate that the assets in question are themselves the result of ill-gotten gains from the claimant. It is this tracing requirement which distinguishes a constructive trust from a general claim for damages."); *Matter of Lloyd Revocable Tr.*, No. 1

5

CA-CV 16-0458, 2017 WL 4682255, at *3 (Ariz. Ct. App. Oct. 19, 2017) (traceable specific assets must be identified); *Red River Res., Inc. v. Mariner Sys., Inc.*, No. CV 11-02589-PHX-FJM, 2012 WL 2507517, at *16 (D. Ariz. June 29, 2012) (a constructive trust should not be imposed when claimant has not identified an interest in specific property and is merely a claim of monetary damages)*; In re Rybek Devs., LLC*, No. 2:21-BK-07697-DPC, 2023 WL 4038576, at *6 (Bankr. D. Ariz. June 15, 2023) ("claimants must first assert a viable cause of action and they must have standing to pursue that cause of action before a court may impose the remedy of a constructive trust."). Here, the criminal forfeiture is based on the mail fraud on the insurance companies. The insurance companies paid defendant based on defendant's material misrepresentations and were awarded restitution in the amount of their losses. The Petitioners were not defrauded, but now rely solely on their status as contingent beneficiaries or eventual beneficiaries of the Rudolph Trust. This is insufficient to demonstrate an interest in the forfeitable property to impose the constructive trust remedy in their favor.

### b. Even if Petitioners have Assignments for Certain Insurance Companies they are Not Entitled to Imposition of a Constructive Trust

Assuming, *arguendo*, Petitioners have a valid assignment of equitable rights for some life insurance policies and properly filed a petition on that basis in this criminal ancillary proceeding, Petitioners still fail to meet the requirements for the imposition of an equitable constructive trust under Arizona law.

### (i) Petitioners Cannot Trace to the Forfeited Property

Petitioners cannot trace the five insurance companies' funds over which they have assignments/agreements to the forfeitable property. It is an axiom of constructive trusts equitable principles that specific tracing is required. *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213, 122 S. Ct. 708, 714, 151 L. Ed. 2d 635 (2002) ( "a plaintiff could

6

seek restitution *in equity,* ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession."). Thus, the property over which Petitioners seek a constructive must be directly traceable to property belonging to Petitioners. *See Burch & Cracchiolo, P.A. v. Pugliani*, 144 Ariz. 281, 286 (1985) ("A prerequisite to the imposition of a constructive trust is the identification of a specific property belonging to the claimant."); *Amtitle Trust Co. v. Fitch*, 25 Ariz. App. 182, 184 (1975) (same).

Here, as shown during sentencing, all of the life insurance policies proceeds were eventually commingled into one bank account (Vanguard #88150069515). From there, those commingled funds were then transferred to multiple accounts and eventually the assets subject to forfeiture. Thus, while all of the forfeiture assets are traceable to the collective life insurance proceeds, it is incredibly difficult to delineate between the proceeds from the seven different life insurance companies and their traceability to the forfeited assets. *See United States v. $7,599,358.09*, No. CIV.A. 10-5060 SRC, 2011 WL 3611451, at *3 (D.N.J. Aug. 15, 2011) ("there is no doubt that the funds . . . from the Claimants were commingled and pooled into one or more homogenized master accounts. Claimants have not sufficiently traced the alleged trust funds by merely identifying transfers from the commingled accounts to the [assets]."). Moreover, Petitioners as a group (Julian Rudolph, Bianca Rudolph, and the Estate of Bianca Rudolph) are attempting to impose a constructive trust over all of the forfeited assets, but without any individual tracing, a constructive trust is inappropriate. *See e.g. United States v. One Silicon Valley Bank Acct., 3300355711,* 549 F. Supp. 2d 940, 955 (W.D. Mich. 2008) (constructive trust denied when multiple parties collectively traced funds; however; individual parties should be treated independently and "if they are not treated as a single entity then the funds do not have a

7

clear traceable path."). This is especially true given that at least two insurance companies have not agreed the Petitioners should have received the proceeds of their insurance policies.

Not only must the property be traceable, but Petitioners had the burden to allege facts supporting the tracing to the specific property they seek to impose a constructive trust over in their Petition. *See United States v. Hale*, No. 3:13-CR-00280-MOC, 2015 WL 1234900, at *1 (W.D.N.C. Mar. 17, 2015) (in order to have standing in the Ancillary Proceeding based on a constructive trust theory, a petitioner must allege facts supporting tracing to a particular asset); *Lyons v. Clancy*, No. CV-20-00866-PHX-MTL, 2021 WL 75828, at *9 (D. Ariz. Jan. 8, 2021), *amended,* No. CV-20-00866-PHX-MTL, 2021 WL 1541633 (D. Ariz. Apr. 20, 2021) (general statements in complaint regarding tracing is insufficient to establish a constructive trust under Arizona law). They did not. Instead, Petitioners argue that they need not trace because it would not be difficult nor would involve a complex inquiry. But that is insufficient to confer standing or establish a constructive trust. *In re Allied Gen. Agency*, 229 B.R. at 197 ("the tracing requirement is not dispensed with lightly in Arizona, particularly where, as in this case, the aggrieved party has an adequate remedy at law."); *Hale*, 2015 WL 1234900, at *1-2.

Moreover, as the Tenth Circuit has indicated, because a constructive trust is based solely on equity, a constructive trust should not be imposed if it elevates one victim over another. *Andrews*, 530 F.3d at 1238. Petitioners are clearly asking the Court to prefer them over other victims of the mail fraud by requesting the Court create a constructive trust over all of the forfeitable assets. This is to the detriment of victims whose commingled funds were also used to purchase the forfeitable property, but have not given assignments, nor agreed, that Petitioners are entitled to the proceeds. *See id.* at 1238–39; *United States v. Wilson,* 659 F.3d 947, 956 (9th Cir. 2011) ( "[U]nder our precedent, courts generally will not indulge in tracing when doing so would

allow one fraud victim to recover all of his losses at the expense of other victims."); *United States v. Ramunno,* 599 F.3d 1269, 1275 (11th Cir. 2010) (no constructive trust imposed because it would elevate one victim over those similarly situated victims).

In sum, Petitioners' Petition is legally deficient for failing to allege any tracing and for attempting to elevate their recovery over other victims.

### (ii) Adequate Remedy of Law

Petitioners also have legal remedies as either assignees or as individuals. If there is a remedy at law, a constructive trust should not be imposed. *See ML Servicing Co., Inc. v. Coles*, 334 P.3d 745, 752 (Ariz. Ct App. 2014) ("The imposition of a constructive trust is unavailable, and in fact improper, when an adequate remedy at law is available to the harmed party;" denying constructive trust to defrauded creditors where a statute provided a mechanism to sue the fraudster); *Acedo v. Mannion*, No. 1 CA-CV 20-0017, 2020 WL 6286716, at *2 (Ariz. Ct. App. Oct. 27, 2020) (same).

Petitioners, as assignees for some of the life insurance companies, have an adequate remedy at law. They have agreements to receive restitution on behalf of five of the insurance companies. Moreover, the defendant has assets available to make payments toward the restitution with assets unrelated to the Estate of Bianca Rudolph, perhaps in full.[5] The Petitioners would receive said funds through restitution. Petitioners could then file claims with the insurance companies who have not agreed to an assignment or agreement for their benefit.

---

[5] The defendant has not provided a disclosure of his assets. But at a minimum, the non-forfeitable percentage in forfeitable assets are the property of defendant and his related LLCs. A constructive trust or slayer statutory imposed trust as it relates to this matter would not disgorge the defendant of his own individual assets. *See Matter of Estates of Spear,* 845 P.2d 491, 493-494 (Ariz. Ct. App. 1992). The Slayer statutes prevent the defendant from taking the decedent's property and the decedent's estate share, but does not divest the defendant of his individual property. A.R.S section 14-2803.

Their right to any payments would then be determined by the relevant provisions in the insurance contracts.

Further, even though a person may have a claim for the imposition of a constructive trust, there is no requirement that they select that remedy. *Harmon*, 613 P.2d at 1298 (Ariz. Ct. App. 1980). The life insurance companies elected to seek restitution in the criminal case as their legal remedy. The Petitioners cannot now seek to reverse course based on their recently assigned rights for the four to five insurance companies.

Because Petitioners are attempting to create a constructive trust over assets to which they do not have a legal interest, their Petition should be dismissed for standing. In addition, the Court should not impose a constructive trust because Petitioners have not established their entitlement to one, as it would create an inequitable result amongst the victims of the mail fraud.

DATED this 25th day of September, 2023.

Respectfully submitted,

COLE FINEGAN

United States Attorney

*s/Tonya Andrews*
Tonya Andrews
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: 303-454-0100
Fax: 303-454-0405
Email: tonya.andrews@usdoj.gov

10

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 25th day of September 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to all counsel of record.

*s/ Charisha Cruz*
Paralegal Specialist
U.S. Attorney's Office

11